**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS MANUEL MURILLO-LINARES, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.  14-73583 Agency No. A089-926-172 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Luis Murillo-Linares, a native and citizen of Mexico, petitions for review of

the Board of Immigrations Appeals' (BIA) order denying his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture.  We have jurisdiction

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252, and we deny the petition. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

Substantial evidence supports the agency's conclusion that Murillo-Linares failed to establish he would be persecuted on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Murillo-Linares's asylum and withholding of removal claims fail.

Substantial evidence supports the BIA's determination that Murillo-Linares did not establish that he is more likely than not to be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**